UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS D. JOHNSON,

    Applicant,

v.                                                       CASE NO. 8:22-cv-2463-SDM-MRM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Johnson applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges the computation of his term of imprisonment, specifically, his continued imprisonment after he allegedly completed serving his sentence.[1] This action proceeds under Johnson's amended application, the response, and Johnson's reply. (Docs. 3, 9, and 14) The respondent's exhibits (Doc. 15) show that Johnson filed this action prematurely.

Johnson was sentenced to three concurrent terms of imprisonment for fifty-four months with credit for pre-trial detention. The amount of pre-trial detention differed for each conviction, from 562 days for the earliest charged offense to 8 days for the latest charged offense. Johnson argues that, because he was

---

[1] Johnson is advised that release from detention is the only relief available under Section 2241, not monetary damages also.

sentenced to concurrent terms of imprisonment, he is entitled to the greatest amount of pre-trial detention credits toward each sentence. Habeas relief under Section 2241 is the proper remedy because Johnson asserts no challenge to the state court judgment; Johnson challenges only the computation of his time in prison.

Although jurisdiction resides in the federal courts, Johnson cannot proceed in federal court before presenting his claim to the state courts — a process called exhaustion of state court remedies — as explained in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation omitted):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement.

Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement.[2] Nevertheless, a party seeking relief under Section 2241 must present a claim to the state court before seeking relief on the claim in federal court. *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), explains that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Accord Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common

---

[2] The respondent erroneously characterizes the application as applying for relief under both Section 2241 and Section 2254 and, accordingly, erroneously relies on the exhaustion requirements in Section 2254.

law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and *Moore*).

Johnson fails to show that he has exhausted the available state court remedies before seeking relief in federal court. Moreover, the respondent shows (1) that Johnson had a state court action pending in the circuit court for Polk County when he filed the present federal action and (2) that in that state action Johnson was both asserting the same claim and requesting the same relief that he pursues in this federal action. (Respondent's Exhibit C, Doc. 15) As a consequence, this federal action is premature.[3]

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE AS PREMATURE**. The clerk must close this case.

ORDERED in Tampa, Florida, on June 23, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Also, the Respondent's Exhibit C shows that Johnson was released from confinement on March 4, 2023. Consequently, this action under Section 2241 is moot.